# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO RENE ALMEIDA SOTO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>CHARLES R. GILKEY, WARDEN<br><br>　　　　　　Respondent. | CV F 04-6281 AWI WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE DENIAL OF PETITION |

　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

1    In contrast, a federal prisoner challenging the manner, location, or conditions of that
2 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
3 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,
4 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
5 States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79
6 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.
7 United States, 610 F.2d 672, 677 (9th Cir. 1990).
8    A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
9 he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
10 validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United
11 States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has
12 recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)
13 (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by
14 motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054,
15 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions
16 does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
17 court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.
18 Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
19 petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams
20 v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see,
21 United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of
22 § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden
23 is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United
24 States, 315 F.2d 76, 83 (9th Cir. 1963).
25    In this case, Petitioner requests that the court grant him a two-point downward departure
26 in his sentence, on the ground that the disparate sentences between alien and American inmates
27 that result from immigration detainers lodged against the alien inmates is a violation of the right
28 to equal protection.  Specifically, Petitioner claims that as an illegal alien, he is ineligible for

various Bureau of Prison programs that would make his sentence easier to serve and allow him to be released into the community earlier.

Because Petitioner seeks to challenge the constitutionality of his sentence, he is authorized to do so only under Section 2255. He has, however, filed this petition pursuant to Section 2241. As explained above, he can proceed under Section 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d at 864-5. Petitioner expressly states in his petition that he is filing under Section 2241 because the one-year statute of limitations for Section 2255 has expired.

The fact that a defendant has missed the Section 2255 filing deadline does not make Section 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (holding that the dismissal of a subsequent § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas relief an ineffective or inadequate remedy). Furthermore, however, it is unnecessary for this court to determine whether Section 2255 is inadequate or ineffective to test the validity of Petitioner's detention, because even if Petitioner can properly proceed pursuant to Section 2241, he cannot prevail on the merits of his petition.

In McLean v. Crabtree, 173 F.3d 1176, 1183-84, 1185-86 (9th Cir.1999), *cert. denied*, 120 S.Ct. 814 (2000), the Ninth Circuit unequivocally held that the denial of benefits such as those sought by Petitioner to deportable aliens pursuant to immigration detainers does not violate the Constitution as this exclusion is "rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir.1999)(holding that the Bureau of Prisons did not violate the defendants' statutory and constitutional rights when it denied their requests for an 18 U.S.C. §3621(e)(2)(B) sentence reduction on the basis of an Immigration and Naturalization Service detainer lodged against them). Accordingly, Petitioner's claim of an illegal sentence based on disparate treatment fails, as does his related ineffective assistance of counsel claim.

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of

1 habeas corpus be DENIED and that judgment be entered for Respondent.

2      These Findings and Recommendation are submitted to the assigned United States District
3 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
4 the Local Rules of Practice for the United States District Court, Eastern District of California.
5 Within thirty (30) days after being served with a copy, any party may file written objections with
6 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
7 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
8 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
9 objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
10 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may
11 waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
12 1991).

13 IT IS SO ORDERED.

14 **Dated:   July 17, 2006**             /s/  William M. Wunderlich
    mmkd34                                        UNITED STATES MAGISTRATE JUDGE